UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLIFFORD P.,[1]

                                                  Plaintiff,          Case # 20-CV-6389-FPG

v.                                                                           DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                               Defendant.
_____

## INTRODUCTION

Plaintiff Clifford P. protectively applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") in December 2016, alleging disability beginning May 29, 2016 and ending September 30, 2016, the date last insured. Tr.[2] 72-73. After the Social Security Administration ("SSA") denied his claim, Tr. 82-86, Plaintiff appeared, with counsel, at a hearing on February 8, 2019, before Administrative Law Judge Paul D. Barker (the "ALJ"). Tr. 42-71. Plaintiff and a vocational expert testified. Tr. 43, 66-69. On March 18, 2019, the ALJ issued an unfavorable decision. Tr. 17-28. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 13. Plaintiff filed a reply. ECF No. 14. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED., and the ALJ's decision is AFFIRMED.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 9.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

**LEGAL STANDARD**

I.   **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II.  **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

# DISCUSSION

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in gainful activity from May 29, 2016, the alleged onset date, to September 30, 2016, the date last insured. Tr. 19. At step two, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that significantly limited, or was expected to significantly limit, his ability to perform basic work-related activities. Tr. 19-23. Alternatively, the ALJ found that Plaintiff had two severe impairments: paroxysmal atrial fibrillation ("PAF") and syncope. Tr. 23.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 23-24. Next, the ALJ determined that Plaintiff retained the RFC to perform medium work as defined in 20 C.F.R. 404.1567(c), except that Plaintiff can lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently, can frequently stoop, balance, kneel, crawl, crouch, and climb ramps and stairs, but he can never climb ladders, ropes, scaffolds. Tr. 24. Plaintiff can never operate a motor vehicle or be exposed to unprotected heights or moving, unprotected machinery. Tr. 24-25.

At step four, the ALJ found that Plaintiff would be unable to perform any past relevant work. Tr. 25. At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform—such as a kitchen helper, day worker, or cleaner II—and therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26-27.

**II.    Analysis**

Plaintiff argues that the ALJ (1) failed to consider the medical opinions in the record and (2) improperly formulated the RFC based on his own lay interpretation of the medical records. ECF No. 10-1 at 6-11.  The Court disagrees.

First, Plaintiff argues that the ALJ erred in failing to consider the two medical opinions in the record—one from Justine Magurno, M.D., on September 18, 2017, Tr. 918-23, and one from Plaintiff's treating physician, Subodh K. Debnath, M.D., on February 9, 2018, Tr. 894-97, 924-26. To be sure, the regulations require that the ALJ consider every medical opinion that he or she receives.  20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").  But, "[a]s a general rule, medical opinions given after the date that the claimant's insured status expired are only taken into consideration if such opinions are relevant to Plaintiff's condition prior to that date." *Patterson v. Comm'r of Soc. Sec.*, No. 1:18-CV-698-DB, 2019 WL 5419535, at *3-4 (W.D.N.Y. Oct. 23, 2019) (finding that ALJ did not err in failing to consider opinion rendered after period of disability where opinion did not relate to period of disability and substantial evidence supported RFC).  Here, both opinions were rendered *after* the alleged period of disability.  Tr. 918-26.  Moreover, neither opinion specifies how it is relevant to Plaintiff's condition during the alleged period of disability.  *See Vitale v. Apfel*, 49 F. Supp. 2d 137, 142 (E.D.N.Y. 1999) ("While the existence of a pre-existing disability can be proven by a retrospective opinion, such an opinion must refer clearly to the relevant period of disability and not simply express an opinion as to the claimant's current status.").

Second, and relatedly, Plaintiff argues that, because the ALJ did not discuss any medical opinions, the ALJ impermissibly interpreted the raw medical data in formulating the RFC.  As discussed above, it well-established that an ALJ must "weigh all of the evidence available to make

an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). An ALJ's conclusions need not "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Id.* But an ALJ "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quoting another source). However, "[u]nder certain circumstances, particularly where the medical evidence shows relatively minor physical impairment, an ALJ permissibly can render a common-sense judgment about functional capacity even without a physician's assessment." *Isome v. Comm'r of Soc. Sec.*, No. 1:19-CV-00665 EAW, 2020 WL 5628064, at *5 (W.D.N.Y. Sept. 21, 2020) (quoting another source); *Mack v. Comm'r of Soc. Sec.*, No. 1:18-CV-00265-MAT, 2019 WL 1994279, at *4 (W.D.N.Y. May 6, 2019) (explaining that where "the treatment notes and recommendations provided by Plaintiff's treatment providers regarding his physical impairments do not reflect disabling functional limitations . . . it was not impermissible for the ALJ to render a common-sense judgment regarding Plaintiff's physical functional limitations").

Here, the ALJ rendered a common-sense judgment about Plaintiff's relatively minor physical impairments. Several months before Plaintiff's alleged onset date, Plaintiff expressed no significant complaints to Dr. Debnath, his examination was normal, and he exhibited normal strength and gait and full range of motion. Tr. 616-17. During a visit to the emergency department on July 1, 2016, Plaintiff had a normal heart rate, full range of motion, and no neurological deficits. Tr. 772-73. Imaging performed during that hospital stay showed no acute disease or evidence of fracture. Tr. 772. Plaintiff's loop recorder—implanted to assess Plaintiff's PAF—displayed no cardiac dysrhythmias during Plaintiff's reported syncopal episode on May 31, 2016. Tr. 846-47.

An examination on October 6, 2016 revealed normal strength and motor ability and no further syncope episodes.  Tr. 475.

Moreover, the RFC, comprised of relatively moderate limitations, is consistent with Plaintiff's reported daily activities.  Plaintiff reported that he had a driver's license and could drive, grocery shop, care for himself, and perform chores.  Tr. 219-22.  He enjoyed spending time with friends and family.  Tr. 219-22.  This evidence is consistent with the ALJ's RFC.  Nothing in the record indicates that Plaintiff would be *more* limited than the RFC would allow, despite the absence of relevant opinion evidence.  *LaRock ex rel. M.K. v. Astrue,* No. 10-CV-1019, 2011 WL 1882292, *7 (N.D.N.Y. Apr. 29, 2011) ("An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision.").

## CONCLUSION

Plaintiff's motion for judgment on the pleadings, ECF No. 10, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 13, is GRANTED, and the ALJ's decision is AFFIRMED.  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 30, 2021
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York